Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Janet Yurkovich*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Janet Yurkovich,<br><br>         Plaintiff,<br><br>     v.<br><br>Life Insurance Company of North America, McKesson Corporation, Short Term Disability Plan for Employees of McKesson Corporation,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Janet Yurkovich (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.   Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

1  U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of
2  the United States.

### *Parties*

3.  
4  2. Plaintiff is a resident of Maricopa County, Arizona.

5  3. Upon information and belief, Defendant McKesson Corporation (hereinafter
6  referred to as the "Company") sponsored, subscribed and purchased a group short term
7  disability insurance policy which was fully insured and administered by Life Insurance
8  Company of North America (hereinafter referred to as "LINA"). The specific LINA short
9  term policy is known as group policy number SHD0800015. Upon information and belief,
10 the Company's purpose in subscribing to the LINA Policy was to provide disability
11 insurance for its employees. Upon information and belief, the LINA Policy may have
12 been included in and part of the Short Term Disability Plan for Employees of McKesson
13 Corporation (hereinafter referred to as the "Plan") which may have been created to
14 provide the Company's employees with welfare benefits. At all times relevant hereto,
15 the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C.
16 §1002(1).

17 4. Upon information and belief, the Company or Plan may have delegated
18 responsibility for the plan and/or claim administration of the Policy to LINA. Plaintiff
19 believes that as it relates to her claim, LINA functioned in a fiduciary capacity as the Plan
20 and/or Claim Administrator.

21 5. Upon information and belief, Plaintiff believes LINA operated under a
22 conflict of interest in evaluating her claim due to the fact it operated in dual roles as the
23 decision maker with regard to whether Plaintiff was disabled as well as the payor of

-2-

benefits; *to wit,* LINA's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.[1]

6. The Company, Plan and LINA conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant LINA Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant LINA Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about January 13, 2011 due to serious medical conditions and was unable to work in her designated occupation as a Project Manager 2.

10. Following her disability, Plaintiff applied for short term disability benefits under the relevant LINA short term disability Policy.

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

11. In a letter dated February 11, 2011, LINA notified Plaintiff it was denying her claim for short term disability benefits due to a lack of medical evidence supporting her inability to work.

12. The relevant LINA Policy provides the following definition of disability which applies to Plaintiff's claim:

> "Inability to perform all of the material and substantial duties of the covered employee's occupation on an active employment basis because of Injury or Sickness.  A loss of a license for any reason foes not, in itself, constitute disability."

13. Pursuant to 29 U.S.C. § 1133, Plaintiff timely appealed the February 11, 2011 denial of her claim for short term disability benefits.

14. In support of her claim for short term disability benefits, Plaintiff submitted to LINA medical records, narrative letters and disability questionnaires from her treating physicians supporting her allegation she met the relevant definition of disability under the relevant LINA Policy.

15. In a letter dated May 24, 2011, LINA notified Plaintiff it was upholding its prior decision to deny her claim for short term disability benefits.

16. In denying Plaintiff's claim for disability benefits, LINA erroneously concluded Plaintiff failed to provide sufficient evidence to support the severity of her serious medical conditions.  LINA's denial letter failed to provide a full and fair review pursuant to ERISA because it failed to consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence which adequately documented her serious medical conditions and supported she met the definition of disability under the relevant LINA Policy.

17. As part of its review of Plaintiff's claim, LINA referred Plaintiff's claim to its medical director, Carol Flippen, M.D., for a medical records only "paper review" of Plaintiff's claim.

18. Plaintiff believes it was unreasonable and evidence of LINA's conflict of interest for Plaintiff's claim to be referred to LINA's own Medical Director who has an incentive to protect her employment with LINA by providing reviews and opinions which selectively review and ignore evidence in order to provide opinions and reports which are favorable to LINA and which supported the denial of Plaintiff's claim. "ERISA imposes higher-than-marketplace quality standards on insurers" [2] and LINA's referral of Plaintiff's claim on appeal to its own employee fell below any reasonable quality standard and in the process, denied Plaintiff of a full and fair review. LINA also failed to provide a full and fair review in not obtaining an independent medical examination by an outside physician even though the policy allows it to request one.

19. Plaintiff questions the independence, impartiality and bias of LINA's own employee to fully and fairly review her claim and she believes Dr. Flippen's opinions are adversarial because of her conflict of interest as a LINA employee. Plaintiff believes LINA's financial conflict of interest is a motivating factor why it referred Plaintiff's claim to its own employee for review rather than to retain an independent consultant not employed by LINA.

20. Furthermore, Dr. Flippen did not personally examine Plaintiff, and her opinion that Plaintiff's inability to work was not supported by the medical documentation was based entirely on a selective review of Plaintiff's medical records which unlawfully and erroneously ignored and/or de-emphasized Plaintiff's objectively documented

---

[2] Id.

-5-

medical findings, her self-reported complaints [3] and the combined effect [4] Plaintiff's prescribed medications had on her ability to work in any occupation. Plaintiff believes this evidence was critical evidence because the aforementioned medical findings and limitations precluded any gainful employment and were sufficient to meet the definition of disability set forth in the relevant LINA Policy. The aforementioned evidence should have been considered and the fact it was not precluded a full and fair review of Plaintiff's claim.

21. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [5]

22. In the denial letter dated May 24, 2011, LINA notified Plaintiff that she had exhausted her mandatory administrative remedies and could file a civil action in federal court pursuant to ERISA § 502(a).

---

[3] "While the rules and presumptions of our Social Security case law do not apply to ERISA benefits determinations, see *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003), our Social Security precedents are relevant for the factual observation that disabling pain cannot always be measured objectively--which is as true for ERISA beneficiaries as it is for Social Security claimants." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 873 (9th Cir. 2008).

[4] *See Peterson v. Fed. Express Corp. Long Term Disability Plan*, 2007 U.S. Dist. LEXIS 41590 (D. Ariz. 2007).

[5] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

23. Plaintiff believes a reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest as decision maker and payor of benefits, and this conflict is the reason Plaintiff's claim was denied.

24. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of LINA, and any individual who reviewed her claim, and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced LINA's decision to deny her claim.

25. With regard to whether Plaintiff meets the definition of disability set forth in the relevant LINA Policy, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

26. As a direct result of LINA's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

27. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

28. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For any and all disability benefits due as a result of being found disabled pursuant to the Plan and/or policy from the date she was first denied these benefits

1 through the date of judgment and prejudgment interest there on well as any other
2 employee benefits she is entitled to from the Plan and/or Company as a result of being
3 found disabled;

4      B.     For an Order directing Defendants to pay Plaintiff the aforementioned
5 benefits until the time she meets the Plan or policy's conditions for termination of benefits;

6      C.     For attorney's fees and costs incurred as a result of prosecuting this suit
7 pursuant to 29 U.S.C. §1132(g); and

8      D.     For such other and further relief as the Court deems just and proper.

9      DATED this 20th day of December, 2011.

10      SCOTT E. DAVIS. P.C.

11      By:    */s/ Scott E. Davis*
12              Scott E. Davis
             Attorney for Plaintiff